IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STACIA TRAVIS, as personal representative of
the ESTATE OF LINDA CHARMEL CAMP,
deceased; and JUSTIN CAMP                                                                PLAINTIFFS

v.                                              Case No. 6:19-cv-06118 SOH

ASUSTEK COMPUTER, INC.; ASUS
COMPUTER INTERNATIONAL, INC.;
BEST BUY STORES, L.P.; SIMPLO
TECHNOLOGY COMPANY, LTD.; SIMPLO
TECHNOLOGY USA LOGISTIC
COMPANY, LTD.; SAMSUNG SDI CO.,
LTD.; AND SAMSUNG SDI AMERICA, INC.                                                      DEFENDANTS

**ORDER**

Before the Court is an Amended Motion to Dismiss filed by Separate Defendant Simplo Technology Co., Ltd. ("Simplo Taiwan"). (ECF No. 93).[1] On May 18, 2020, Simplo Taiwan filed its initial Motion to Dismiss. (ECF No. 58). Plaintiffs filed a response. (ECF No. 62). Simplo Taiwan filed a reply. (ECF No. 75). On January 7, 2021, Simplo Taiwan filed their amended Motion to Dismiss. (ECF No. 93). On January 19, 2021, Plaintiffs filed a response to that amended Motion to Dismiss. (ECF No. 96). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

This case is a wrongful death and product liability action. Plaintiffs are citizens of Arkansas who reside in Garland County, Arkansas. Defendant Simplo Taiwan is a corporation,

---

[1] While Defendant's Motion is referred to as an Amended Motion to Dismiss, the Court considers the motion supplementary to Defendant's arguments in it's previous filings.

headquartered in Taiwan, that manufactures batteries for Separate Defendant ASUS Computer International, Inc. On November 12, 2017, Linda Charmel Camp died due to a fire allegedly caused by a laptop computer and its parts. Stacia Travis, as personal representative of the estate of Linda Charmel, along with Charmel's son, Justin Camp, bring this case against Defendants.

## II. DISCUSSION

In the instant motion, Simplo Taiwan moves for dismissal based on lack of personal jurisdiction, failure to effectuate service of process, and inconvenient forum. The Court will only address personal jurisdiction as it did not find it necessary to address the other two arguments.

### A. Personal Jurisdiction

Defendant Simplo Taiwan argues that this case should be dismissed for lack of personal jurisdiction because it is headquartered in Taiwan, the incident occurred in Arkansas, and it does not have sufficient contacts with Arkansas for the Court to exercise personal jurisdiction over the corporation.

A party may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). To defeat a Rule 12(b)(2) motion, a plaintiff must make a *prima facie* showing of jurisdiction. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F. 3d 816, 818 (8th Cir. 1994). This *prima facie* showing must be tested, not by the complaint alone, but "by the affidavits and exhibits presented with the [motion to dismiss] and in opposition thereto." *Block Indus. V. DHJ Indus., Inc.*, 495 F.2d 256, 260 (8th Cir. 1974). If a court does not hold a hearing on personal jurisdiction and instead bases its determination on the parties' written submissions, the court must view the facts in the light most favorable to the nonmoving party. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387, (8th Cir. 1991).

A federal court sitting in diversity may assume jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute and the Due Process Clause. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991)). Arkansas's long-arm statute provides that: "[t]he courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B).

The question before the Court is whether exercising personal jurisdiction over Simplo Taiwan is consistent with the due process clause of the Fourteenth Amendment. The Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant who has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant's conduct and connection with the state must be such that the defendant should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction requires some act by which defendant purposely availed himself of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections of its laws. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). If the Court determines that defendant has minimum contacts with Arkansas, it may consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *See id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

Courts consider the following factors when resolving a personal jurisdiction inquiry, with significant weight given to the first three factors: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Id*. at 1073-74. However, the third factor is considered only in a specific-jurisdiction analysis. *See Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008). Moreover, the fourth and fifth factors relate to the Court's consideration of "traditional notions of fair play and substantial justice" in the due process analysis. *See Lakin v. Prudential Servs., Inc.*, 348 F.3d 704, 712 (8th Cir. 2003).

There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. *Id*. The Court will separately address each.

1. **Specific Jurisdiction**

Under the theory of specific jurisdiction, the Court may hear this case if Simplo Taiwan has purposefully directed its activities to the forum state. *Burger King Corp.*, 471 U.S. at 472. The placement of the product in the stream of commerce with an awareness that the final product was being marketed in the forum State is sufficient to support jurisdiction over a non-resident defendant. *Asahi v. Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 107 S. Ct. 1026 (1987). Mere foreseeability or knowledge that the product could be in the forum state is not sufficient to support personal jurisdiction over a non-resident defendant. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011).

Simplo Taiwan argues that manufacturing the battery placed into the laptop in question is insufficient to establish specific jurisdiction. Simplo Taiwan is a corporation with its principal place of business in Taiwan and states that it has never sold any products to entities in Arkansas,

has never shipped products to entities in Arkansas, does not have distributors in Arkansas, and has no knowledge of products being sold in Arkansas. (ECF No. 58-1, p. 2). While the placement of Simplo Taiwan's battery in laptops and placement of said product in the state of Arkansas is likely foreseeable, that is not sufficient to exercise specific jurisdiction over Simplo Taiwan. Moreover, Plaintiffs have not presented any evidence that Simplo Taiwan engaged in activities purposely directed at residents of the forum state. Accordingly, specific jurisdiction cannot be found here.

2.  **General Jurisdiction**

Under the theory of general jurisdiction, the Court may hear this case if Simplo Taiwan has "continuous and systematic" contacts with Arkansas as to render it "essentially at home" in Arkansas, even if the injuries at issue in this lawsuit did not arise out of Simplo Taiwan's activities directed at Arkansas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The standard for general jurisdiction is demanding, as "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For a corporation, it is . . . the place of incorporation and principal place of business." *Id*. In other words, "[t]o exercise general jurisdiction over a corporation or individual, generally the party in question must be a citizen of the subject jurisdiction." *Henry Law Firm v. Cuker Interactive, LLC*, No. 5:18-cv-5066-TLB, 2018 WL 3025959, at *4 (W.D. Ark. June 19, 2018), *appeal dismissed*, No. 19-1254 (8th Cir. Feb. 19, 2019). However, this does not "foreclose the possibility that in an exceptional case, a corporation's operations in a forum other than its [paradigm forum] may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19 (internal citation omitted).

Plaintiff has not shown that Simplo Taiwan had any contact with the state of Arkansas other than manufacturing a battery that was present in the state. Plaintiffs argue that because Simplo Taiwan's products are sold in Arkansas and because it has five United States hub service locations, including two of which border Arkansas,[2] Simplo Taiwan's actions are continuous and systematic. However, the fact that some of these locations border Arkansas does not qualify Simplo Taiwan's conduct as continuous and systematic.

As provided in *Daimler*, the inquiry is no longer whether a foreign defendant's in-forum contacts are in some sense "continuous and systematic," but rather whether the defendant's in-forum contacts are so "continuous and systematic as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (alteration in original). Plaintiffs present no evidence that Simplo Taiwan is domiciled in Arkansas. Moreover, Plaintiffs present no evidence that Simplo Taiwan is incorporated in or has a principal place of business in Arkansas. Plaintiffs provide no evidence that Simplo Taiwan has entered into a contract concerning Arkansas or has any knowledge of business in Arkansas. Simply, there is no evidence to show any conduct by Simplo Taiwan in relation to the state of Arkansas. The facts establish that Simplo Taiwan is headquartered in Taiwan, that it does not have an office in Arkansas, and that Simplo Taiwan has no significant connections with the state of Arkansas. Accordingly, general jurisdiction cannot be found here.

---

[2] Defendant Simplo Taiwan has five hub service locations in the United States, including Nevada, California, Texas, Tennessee, and Ohio. (ECF No. 63, p.11).

## III. CONCLUSION

For the above-stated reasons, the Court lacks personal jurisdiction over Simplo Taiwan. The Court finds that Simplo Taiwan's initial Motion to Dismiss (ECF No. 58) and it's amended Motion to Dismiss (ECF No. 93) should be and hereby is **GRANTED.** The claims against Separate Defendant Simplo Taiwan are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of March, 2021.

/s/Susan O. Hickey
Susan O. Hickey
Chief United States District Judge